womblebonddickinson.com



**April 30, 2024**

The Honorable Brendan L. Shannon
United States Bankruptcy Court
824 North Market Street, 6th Floor
Wilmington, DE 19801

Womble Bond Dickinson (US) LLP

1313 North Market Street
Suite 1200
Wilmington, DE 19801

t:   302.252.4320
f:   302.252.4330

Re:   **In re EZL 40 Meadow Lane LLC, Case No. 22-10294 (BLS) (Bankr. D. Del.)**

**In re EAM 40 Meadow Lane LLC, Case No. 22-10293 (BLS) (Bankr. D. Del.)**

Matthew Ward
Partner
Direct Dial: 302-252-4338
Direct Fax: 302-661-7711
E-mail: Matthew.Ward@wbd-us.com

Dear Judge Shannon:

On April 9, 2024, undersigned counsel at Womble Bond Dickinson (US) LLP (the "Firm") filed a motion (Case No. 22-10294, Docket No. 52 and Case No. 22-10293, Docket No. 81, collectively, the "Withdrawal Motion") seeking this Court's confirmation that the Firm has withdrawn from its representation of the debtors (collectively, the "Former Clients") in the two above-listed chapter 7 bankruptcy cases (collectively, the "Delaware Bankruptcy Cases").  As explained in the Withdrawal Motion, the Firm's role, as discussed with the Former Clients and pursuant to the terms of the engagement letter between the Firm and the Former Clients, was limited to preparing and filing the bankruptcy petitions, schedules of assets and liabilities and statements of financial affairs, and opposing a settlement motion, which has now been adjudicated by Court order approximately two years ago.

As further explained in the Withdrawal Motion, shortly before the filing of the Withdrawal Motion, undersigned counsel became aware that the Firm's point of contact with the Former Clients, Mr. Nir Meir, had been incarcerated.  Since the filing of the Withdrawal Motion, it has further come to undersigned counsel's attention that Mr. Meir has filed his own individual chapter 7 petition in Florida.  *See In re Nir Meir*, Case No. 24-11047 (LMI) (Bankr. S.D. Fla.).

Although the Withdrawal Motion was served upon all of the key parties in the Delaware Bankruptcy Cases, including upon Mr. Meir at his location of detention, the Firm also wanted to provide counsel for the chapter 7 trustee in Mr. Meir's individual chapter 7 case (of which undersigned counsel was unaware) the opportunity to respond to the Withdrawal Motion.  Accordingly, concurrently herewith, the Firm is sending copies of the Withdrawal Motion to counsel for Mr. Meir's chapter 7 trustee by electronic mail as well as overnight mail.  As a courtesy to Mr. Meir's chapter 7 trustee's counsel, undersigned counsel will postpone the submission of a certificate of no objection with respect to the Withdrawal Motion for one additional week.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.



April 30, 2024
Page 2

      Additionally, upon the filing of the Withdrawal Motion, undersigned counsel received a letter correspondence from Mr. John Carroll as counsel for the chapter 7 trustee in the Delaware Bankruptcy Cases. Mr. Carroll has requested the Firm to "turn over to Cozen O'Connor the entirety of the file maintained in representing the Debtors (including any electronically stored communications as well as hard copies) for use in connection with the Chapter 7 proceedings as the Trustee now controls the attorney-client privilege of the Debtors." While Mr. Carroll does not point to legal authority with respect to his document request, the Firm understands that the chapter 7 trustee may be entitled only to attorney-client communications between the Firm and its client prior to the commencement of the bankruptcy cases. *See, e.g., CFTC v. Weintraub*, 471 U.S. 343, 358 (1985) ("[W]e hold that the trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to prebankruptcy communications.").

      Accordingly, undersigned counsel has revised the proposed form of order with respect to the Withdrawal Motion to add a requirement that the Firm provide to the chapter 7 trustee's counsel in the Delaware Bankruptcy Cases attorney-client communications that occurred prior to the commencement of the Delaware Bankruptcy Cases. Undersigned counsel is providing the revised proposed form of order by copy herewith to the key parties in the Delaware Bankruptcy Cases, as well as to Mr. Neir and counsel to Mr. Neir's chapter 7 trustee.

      Undersigned counsel is available to address any questions that the Court may have, and thanks the Court for its indulgence with respect to these matters.

      Respectfully yours,

      **Womble Bond Dickinson (US) LLP**

      */s/ Matthew Ward*

      Matthew Ward, Partner

cc:

James B. Miller, P.A.
Attn.: James B. Miller
19 West Flagler Street, Suite 416
Miami, FL 33130
email: jbm@title11law.com



April 30, 2024
Page 3

Stearns Weaver Miller et al.
Attn.:  Drew M. Dillworth, Esq.
150 West Flagler Street, Suite 2200
Miami, FL 33130
ddilworth@stearnsweaver.com

Shapiro Law
Attn.:  Peter E. Shapiro, Esq.
8551 West Sunrise Boulevard, Suite 300
Plantation, FL 33327
pshapiro@shapirolawpa.com

Cozen O'Connor
Attn.:  John T. Carroll, III
1201 North Market Street, Suite 1001
Wilmington, DE 19801
jcarroll@cozen.com

WBD (US) 4887-6609-6569v2